UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA I.,[1] | : | Case No. 2:24-cv-4087 |
| | : | |
| Plaintiff, | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS**[2]

Plaintiff Martha I. brings this case challenging the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record. (Doc. #7).

**I.      Background**

The Social Security Administration provides DIB and SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

"substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits in October 2017[3], alleging disability due to several impairments, including complex PTSD, severe migraines, spinal stenosis, degenerative disc disease, arthritis, back and leg pain, anxiety, depression, and hypothyroidism. (Doc. #7-6, *PageID* #801). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Victoria Ferrer on July 2, 2019. (Doc. #7-2, *PageID* #s 236-90). On September 3, 2019, ALJ Ferrer issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. #7-3, *PageID* #s 364-89). The Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings. *Id.* at 390-94.

On remand, the claim was assigned to ALJ Kimberly Cromer, who held an additional hearing on June 30, 2022. (Doc. #7-3, *PageID* #s 188-235). On August 17, 2022, ALJ Cromer issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. #7-3, *PageID* #s 396-419). The Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings. *Id.* at 420-24.

The case was returned to ALJ Cromer, who held an additional hearing on January 25, 2024. (Doc. #7-2, *PageID* #s 75-127). Thereafter, the ALJ issued a written decision, addressing each of

---

[3] Plaintiff's original alleged onset date of disability was July 6, 2012. (Doc. #7-2, PageID #238). At the first administrative hearing, Plaintiff amended her alleged disability onset date to January 31, 2016. (Doc. #7-2, *PageID* #s 44, 239). Plaintiff reiterated in her subsequent administrative hearings that her alleged onset date of disability was January 31, 2016. *Id*. 115-116, 198.

the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[4] She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since January 31, 2016, the alleged onset date.

Step 2: She has the following severe impairments: degenerative disc disease of the lumbar spine, fibromyalgia, and affective, anxiety, trauma-stressor, and personality related mental disorders.

Step 3: She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity ("RFC"), or the most she can do, despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work… except she can occasionally operate right foot controls protectively; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, and crouch but never crawl. She must avoid work at unprotected heights or around hazardous machinery. She must not engage in commercial driving. She can occasionally reach overhead bilaterally. She can frequently handle and finger bilaterally. She must avoid concentrated exposure to vibration. She can perform simple, routine work. She can perform no tandem routine tasks with coworkers and must avoid work with the general public as part of routine job duties. She can have no work interaction around crowds, defined as more than 10 people. She can have only occasional interaction with coworkers and supervisors. She can perform work of a variable rate with no fast-paced production assembly line work, work where the machine is setting the pace, or strict hourly production requirements, more end of the day work goals. She can perform occasional decision making and handle occasional changes in the work setting."

Beginning September 1, 2022, Plaintiff has the residual functional capacity above with additional limitations to standing and/or walking 1 hour at a time and 4 hours total in a workday and sitting for 1 hour at a time and 4 hours total in a workday.

---

[4] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

3

|   |   |
|---|---|
|   | She is unable to perform her past relevant work as a waitress/server. |
| Step 5: | Considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Until September 1, 2022, Plaintiff could have performed the jobs of a marker, routing clerk, or inspector-hand packager. |
|   | Since September 1, 2022, considering her age, education, work experience, and RFC, there are jobs that existed in significant numbers that Plaintiff can perform in the national economy, such as a marker, routing clerk, inspector-hand packager, and mail clerk. |

(Doc. #7-2, *PageID* #s 47-65). Based on these findings, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, for the relevant time period. *Id.* at 65.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 44-65), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing

*Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).  It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.   Discussion**

In her sole assignment of error, Plaintiff argues that the ALJ failed to properly evaluate the prior administrative medical findings of the state agency psychologists. (Doc. #9, *PageID* #s 4436-42).  Plaintiff argues that the ALJ failed to account for a quality-type of social interaction limitation with respect to Plaintiff's ability to interact with supervisors.  *Id.* at 4441.

The Commissioner contends that the ALJ reasonably and fully accounted for the restrictions assessed by the state agency psychologists, among other evidence, in the RFC finding. (Doc. #10, *PageID* #s 4449-53).

   **A.   Residual Functional Capacity**

An individual's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged

with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) (if the claimant's case is at the ALJ hearing level, the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 404.1545(a). Further substantial evidence must support the ALJ's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's mental RFC, ALJ Cromer considered the opinion of state agency psychologist, Cynthia Waggoner, Psy.D., who reviewed Plaintiff's records on December 22, 2017. (Doc. #7-2, *PageID* #s 60-61), *citing* Doc. #7-3, *PageID* #s 306-308. Dr. Waggoner found that, in the area of social interaction, Plaintiff's ability to interact with the general public is markedly limited; and her ability to accept instructions and respond appropriately to criticism from supervisors is moderately limited, noting, "[Plaintiff suffers from] GAD, [general anxiety disorder] panic [disorder], CE [Consultative evaluator, Marc E. Miller, Ph.D.] notes suspiciousness and mistrust towards others; [Plaintiff] is capable of occasional, superficial interaction with coworkers and supervisors, but should avoid occupations requiring interaction with the general public." *Id.* at 307-08.

Additionally, the ALJ considered the opinion of state agency psychologist, Courtney Zeune, Psy.D., in her formulation of Plaintiff's mental RFC. (Doc. #7-2, *PageID* #60-61), *citing*

Doc. #7-3, *PageID* #s 342-44. Dr. Zeune reviewed Plaintiff's file upon reconsideration on February 16, 2018, and affirmed Dr. Waggoner's assessment. *Id.* at 342-44.

ALJ Cromer found the prior administrative medical findings of Dr. Waggoner and Dr. Zeune to be "somewhat persuasive." (Doc. #7-2, *PageID* #60-61). She noted the opinions were "generally supported by a thorough review and summary of the medical evidence available to them at the time of their opinions" and their limitation needing "to avoid interactions with the public in a work capacity, are generally consistent" with the record, "particularly the impartial expert testimony of Dr. Peterson." *Id.* The ALJ found that "superficial" and "static" are undefined by Drs. Waggoner and Zeune. *Id.* The ALJ "used more vocationally relevant terms, such as no tandem routine tasks with coworkers and avoidance of work with the general public as part of routine job duties in place of the term 'superficial,' and only occasional decision making and occasional changes in the work setting, rather than the term 'static'." *Id.* The ALJ found that further limitations in those areas were not "supported or consistent with the record, particularly Dr. Peterson's testimony, which summarized the record and noted the Plaintiff's relatively extensive work history and medical appointments entailing significant social interactions, as well as different types of work that suggests that Plaintiff can handle occasional changes in the work setting." *Id.* The ALJ noted that "mental status examinations in the record have showed an appropriate mood, normal insight, intact memory, normal judgment, cooperativeness, good eye contact, intact concentration, average intelligence, full orientation, and normal memory." *Id.*, citing to Doc. #7-7, *PageID* #s 946-47; 1032-33; 1036-1039; 1117-18.

Plaintiff argues that even though the ALJ declared that she was substituting vocationally relevant terms for the undefined term of "superficial," she only replaced "superficial" with "no tandem routine tasks with coworkers and avoidance of work with the general public as part of routine job duties.'" (Doc. #9, *PageID* #4437, citing to Doc. #7-2, *PageID* #s 60-61). Subsequently, Plaintiff contends the ALJ once again failed to "adequately evaluate and account for" Dr. Waggoner's and Dr. Zuene's opinions because the ALJ's substituted terms did not include a term encompassing a quality social-interaction limitation for supervisors. *Id.* at 4438, 40-42. She notes that while the ALJ included an RFC limitation to occasional interactions with supervisors, this only goes to the *quantity* of interactions, not the *quality* of interactions. *Id.* at 4440-41.

The Commissioner contends that the ALJ found David Peterson, Ph.D., the medical expert's testimony to be "persuasive overall," noting that his questioning of Plaintiff and thorough summary of the relevant evidence supported his testimony, and that his conclusions were generally consistent with the evidence of Plaintiff's "significant mental symptomatology but relatively normal mental status exam findings and rather significant activities of living." (Doc. #10, *PageID* #4451, citing to Doc. #7-2, *PageID* #59). The Commissioner further argues that because the ALJ only found the state agency psychologists' opinions "somewhat persuasive" while finding Dr. Peterson's testimony "persuasive overall," that distinction explains why Plaintiff's RFC does not include a superficial interaction limitation for supervisors, as Dr. Peterson only included an occasional interaction limitation for supervisors in his assessment. *Id.* at 4451-53.

As noted above, Dr. Waggoner and Dr. Zeune opined that Plaintiff would have a moderate limitation in her ability to accept instructions and respond appropriately to criticism from supervisors and would require superficial and occasional interaction with supervisors. (Doc. #7-3, *PageID* #s 308, 344). Although the ALJ indicated that she found Dr. Waggoner and Dr. Zeune's opinions regarding Plaintiff's moderate restrictions "generally supported by a thorough review and summary of the medical evidence available to them at the time of their opinions" and "generally consistent with the above-summarized record, particularly the impartial expert testimony of Dr. Peterson," the ALJ did not include a limitation in Plaintiff's RFC that addressed superficial interaction with supervisors or superiors. (Doc. #7-2, *PageID* #s 51, 60). Notably, the ALJ did include a "superficial" limitation for Plaintiff's interactions with coworkers, limiting her to "no tandem routine tasks with coworkers" once she redefined "superficial" in vocationally relevant terms. *Id*. at 60. Additionally, the ALJ did include the limitation of occasional interaction with both coworkers and supervisors. *Id*. Accordingly, the undersigned finds that Dr. Waggoner's and Dr. Zeune's opined moderate limitation of Plaintiff's ability to accept instruction from or respond appropriately to criticism from supervisors or superiors was not fully incorporated into Plaintiff's RFC.

Yet, the ALJ is not required to adopt a medical opinion verbatim. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) ("Although the ALJ may not substitute [her] opinion for that of a physician, [she] is not required to recite the medical opinion of a physician verbatim in [her] residual functional capacity finding."). However, when the ALJ finds a physician's opinion to be

"somewhat persuasive" and indicates that she has adopted the physician's opinions, she must incorporate the opined limitations or provide an explanation for declining to do so. *See Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted,* No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019) ("the ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when, as here, such limitations are set forth in an opinion the ALJ weighs favorably."); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted,* No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) (citing *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission)).

Here, although the ALJ found Dr. Waggoner's and Dr. Zeune's opinions regarding Plaintiff's moderate limitations somewhat persuasive, she did not include a quality of social interaction limitation regarding Plaintiff's interaction with supervisors in her RFC assessment. *See Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020). As such, Dr. Waggoner's and Dr. Zeune's opined limitation to superficial interaction

10

cannot be accommodated by the ALJ's limitation to occasional contact with supervisors. *See Hurley v. Berryhill*, No. 1:17-CV-421, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (holding that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit the plaintiff to occasional rather than superficial interactions) (internal citation omitted).

Further, the ALJ's statement of "further limitations in those areas is not supported or consistent with the record, particularly Dr. Peterson's testimony, which summarized the record and noted [Plaintiff's] relatively extensive work history and medical appointments entailing significant social interactions…" fails to adequately explain why she omitted Dr. Waggoner's and Dr. Zeune's opined limitation of superficial interaction with supervisors. (Doc. #7-2, *PageID* #61). Dr. Peterson's testimony did not include a limitation for superficial interaction with supervisors *or* coworkers, yet the ALJ included "no tandem routine tasks with coworkers," a redefined "superficial" limitation, in Plaintiff's RFC. (Doc. #7-2, *PageID* #s 51, 60, 94-95). The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No.

10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

Accordingly, for the above reasons, the undersigned recommends that this matter be remanded.

B.     **Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or

reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for DIB and SSI should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

  3.  This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

  4.  The case be terminated on the Court's docket.

<u>December 19, 2025</u>             <u>*s/ Peter B. Silvain, Jr.*</u>
                        Peter B. Silvain, Jr.
                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).